"Welch, J.
It seems quite clear to us that the District Court was right in holding that the plaintiff was not entitled to the additional stock claimed. To allow his claim would virtually be to give him interest both upon the stock and upon the bonds. If that was his right, then the longer he delayed his election the more he would receive. The new stock issued to the stockholders took the place of dividends. It might have been declared as dividends, for it appears that it did not exceed the net earnings of the road. Had the plaintiff elected at once to convert his bonds into stock, he would have been entitled to this forty-seven per cent, as interest, or dividends, but would, of course, have received no interest on his bonds. It is to be presumed he received at least an equal percentage, as interest on his bonds. It was for him, and not for the company, to say which he would have. Surely, under his contract, he can not have both. There is no pretense that there was any fraud in the issue of the new stock, that it was not authorized by law, or that it was not founded on a good and sufficient consideration. It took the place of so much money due from the company, and thus inured to the benefit of all the stockholders, the plaintiff included. By the plaintiff's contract, he was entitled to a given amount of “the stock of the company,” and not to that amount of stock with interest or dividends thereon. He has no more right to a part of the stock issued for these dividends than he has to a part of the stock exchanged for bonds, or issued in payment of other debts or. expenditures of the company. It is not pretended that any stock was issued by the company for- *150 which it did not receive fall consideration, unless it be this forty-seven per cent, on the old stock. We think the latter was legitimately issued, and that the plaintiff is entitled to no part thereof.

Motion overruled.

Day, C. J., McIlvaine, Stone, and White, JJ., concurring.